J. C. SHOCKLEY, Guardian, Appellant, v. W. L. VAN EATON, Appellee.

1.  **Promissory Note:** PAYMENT : EVIDENCE. In an action upon two promissory notes, held by plaintiff as guardian, the defendant pleaded payment, and alleged that the notes were not surrendered because ot the representations of plaintiff that the same were lost or mislaid. The plaintiff admitted that the notes had been mislaid, but alleged that it was through fault of the bank where they were deposited, and denied payment. *Held,* under the issue thus presented, that defendant might show, that about six years after the alleged payment the plaintiff voluntarily executed a trust deed as additional security to the sureties upon his bond as guardian, and all the facts leading to its execution ; also the reports made by plaintiff, as guardian, showing how he treated the notes in question ; also such accountings as tended to show whether the money had been received ; and the failure of defendant at times to make reports of his doings as required by law.

2.  ——— : ——— : ———. Under such an issue, evidence of plaintiff 's conduct in other transactions, entirely independent of that in controversy, indicating a defective memory and liability to mistake, is not competent.

3.  ——— : ——— : ———. Neither is it competent for the defendant to show in such case that the plaintiff was sick and affected mentally about five years after the date of the alleged payment.

*Appeal from Fremont District Court.*—HON. GEORGE CARSON, Judge.

MONDAY, OCTOBER 27, 1890.

ACTION on two promissory notes. Defense of payment. There was a verdict and judgment for defendant, from which the plaintiff appeals.

VOL. 81—27

*Geo. E. Draper, Wm. Eaton, A. R. Brewer* and
*P. H. Hoop,* for appellant.

*James McCabe,* for appellee.

GRANGER, J.—The plaintiff is one of the guardians
of the minor heirs of J. H. Fletcher, deceased, and as
such received from the defendant, on the eighth of
March, 1881, two promissory notes of one thousand
dollars each, and each payable on or before one year
from date. The defendant's claim is that he paid one
of the notes in September, and the other in October of
the same year, to the plaintiff, and the notes were not
delivered because plaintiff represented that they were
lost or mislaid. The defendant in his testimony says
he paid the notes to plaintiff at his (plaintiff's) office,
or place of business, and that no other party was pres-
ent or witnessed the payments. The plaintiff is explicit
in his denial of the payments. Plaintiff, in his testi-
mony, states that the notes, soon after their execution,
were placed in the bank, and were misplaced, and could
not be found till in 1885; and in September, 1881, he
communicated the fact of their being lost or misplaced
to the defendant. The assignments in the case, barring
a complaint as to the conduct of the attorney for the
defendant on the trial, are as to the action of the court
in admitting and excluding evidence. The only direct
testimony is by the parties, and it is contradictory. The
issue is upon an allegation of payment and a denial. Our
considerations must be as to what circumstances may be
proven to aid the parties in such a case.

I. The payment is claimed to have been in 1881,
and in 1887 the plaintiff made to one Hutchinson a trust

1. PROMISSORY note : pay- ment: evi- dence. deed on his property as security to the
sureties on his guardianship bond against
loss. The investigation at the trial led to
an examination of the reports and accounts of plaintiff
as guardian, and no claim is made of any deficit, unless
the notes have been actually paid. Defendant offered,

and was permitted to put in evidence, the trust deed of which appellant complains. It is to be remembered that the notes were in the bank, and there is a dispute as to the cause of their absence from the other papers of the estate, it being plaintiff's claim that they were misplaced by some one in the bank, and were not discovered till some time in 1887, and it is claimed by defendant that there was a purpose in the notes being separated, and that they were not misplaced. Of course this state of facts under the issue would open a somewhat wide door of inquiry, and all conduct of the plaintiff in reference to the notes, after the alleged payment, would be material. Plaintiff says the first notice he had of defendant's claim that the notes were paid, was in December, 1887. The deed was made October 18 before, and why? It seems to have been voluntarily prepared by plaintiff, and, as disclosed by the record, without any reason therefor, unless it was in some way induced because of these notes. It was not because of a claim of payment, for such a claim had not been made. Then, if we concede that it was induced in some way because of the notes, would not the facts as to it be material? We think so, and that the admission of the deed in evidence was proper, after which all the facts leading to its execution might be shown.

It should be stated, to avoid undue inference hereafter, that our statements are only from the record, in which no effort was made by plaintiff to show why the deed was made. With our statements in this connection we need not devote time nor space to objections as to the reports of plaintiff as guardian. Such reports, in so far as they show how these notes were treated by plaintiff, are proper, and also such accountings as might tend to show whether or not the money was received.

There is a complaint that defendant was allowed to prove that there had been a neglect by plaintiff to make reports as required by law. We do not think this was error, because it would be for the jury to say if there was a purpose in such neglect, and if it was induced

because of the situation as to the notes. But it must be shown to have some relationship to the question of payment ; as, was it done to conceal the real situation ?

II. The plaintiff in a transaction with the administrator of the Singleton estate had been mistaken as to a

2. THE same.    five-hundred-dollar payment, it appearing that plaintiff had given a receipt for the money and entered the payment in a book, but had neglected to indorse it on the note, and had afterwards, being guided by the note, been mistaken as to the payment until he saw the receipt. On cross-examination of plaintiff, defendant was permitted to call out these facts as showing, we suppose, that he was mistaken in this case. But it was error to do so. The transactions were entirely independent ; and, while proper inquiries might be made on cross-examination as to his memory, it was not proper to inquire into such a transaction.

III. Mr. George E. Draper was a witness for the defendant, and his evidence disclosed that he made out

3. THE same.    a report for plaintiff in December, 1887, and that, at that time, the plaintiff was sick, and the following appears in the record on the redirect examination : "Q. You were asked about the health of Mr. Shockley at this time. What was the matter with him? A. I don't know.

"Q. He was crazy, wasn't he? Wasn't this at the time he was feigning to be crazy,—while the school district township were demanding of him a report? ( Objected to as immaterial.) Court. He may answer as to his condition of health. ( Plaintiff excepts.) A. I am not an expert on disease.

" Q. Well, that is the explanation he made, wasn't it, that his accounts had been in such a condition that he had been in such a worry over them that he was now unfit for business, and it had injured his health? ( Objected to as immaterial, incompetent and not re-examination.)

"Q. Describe to the jury his condition,—how he looked, and how he acted. ( Objected to as immaterial. Overruled. Plaintiff excepts.) A. I do not wish to

be understood as testifying that Shockley was sick. He simply seemed to be unstrung, and not himself at the time. I was doing this work. Whether he had this disease or that, or whether he had any or not, I don't know anything about it."

This was erroneous. The testimony could in no manner tend to show the facts as to payment. It was some five years or more after, and the illness a mere temporary one, and counsel for appellee does not, in argument, attempt to justify the ruling. If it had been a mere incidental reference to his health, it might not be prejudicial, but the record evinces a purpose in the testimony that is unwarranted. One cannot well read the record of the case without believing that there was an effort to directly or indirectly bring to the attention of the jury faults and facts in the life of the plaintiff having no bearing on the issues, from which the jury might guess that the plaintiff, because wrong in other matters, is wrong in this. Conclusions of fact in legal proceedings should not be arrived at by such a method.

IV. A vigorous complaint is made as to the conduct of appellee's counsel on the trial, which we do not consider because of doubts as to a suitable condition of the record for that purpose. These rulings and suggestions will, we think, be sufficient to indicate to the court our views as to the character of testimony admissible on another trial of the issues, for which the cause must be remanded. REVERSED.